## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JACKSON PARSONS,**

     **Plaintiff,**

**v.**                           **Case No.:**

**WORLD WRESTLING**
**ENTERTAINMENT INC.,**

     **Defendant.**

_____/

## <u>NOTICE OF REMOVAL</u>

Please take notice that in accordance with 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, Defendant World Wrestling Entertainment, Inc. (WWE), by and through the undersigned counsel, hereby removes to this Court the following action, currently pending in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida: *Jackson Parsons v. World Wrestling Entertainment, Inc.*, Case No. 21-CA-003770. As grounds for removal of this action, Defendant states as follows:

1.     On May 5, 2021, Plaintiff Jackson Parsons (Mr. Parsons) filed a Complaint and Demand for Jury Trial against the WWE in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. In

accordance with 28 U.S.C. § 1446(a), a copy of the entire state court file is attached hereto as **Exhibit A**.

2.      This case stems from a motor vehicle accident that occurred on July 22, 2019 in Tampa, Florida, and involved two vehicles: A van rented by the WWE, and driven by an employee of the WWE who was on the job at the time; and a bicycle ridden by Mr. Parsons [Comp. ¶ 6].

3.      Mr. Parsons further alleges that as a result of the July 22, 2019 motor vehicle accident, he "suffered physical injuries, pain-and-suffering, disability and the inability and loss of the capacity to lead and enjoy normal life, inconvenience, disfigurement, scarring and mental anguish." [Comp. ¶ 7].

4.      Mr. Parsons asserts that his injuries and suffering are permanent, that he has incurred past medical expenses and will incur future medical expenses on account of the motor vehicle accident, and that he has also suffered "a loss of earnings and earning capacity, both in the past and in the future." [Comp. ¶¶ 8-10].

5.      Finally, Mr. Parsons claims that his bicycle was damaged in the motor vehicle accident at issue "as a direct and proximate result of the negligence of the Defendant, WORLD WRESTLING ENTERTAINMENT, INC." [Comp. ¶ 11].

6.    This Court has original jurisdiction over the above-styled action under 28 U.S.C. 1441(a).

7.    Removal of the above-styled action is proper under 28 U.S.C. § 1332(a), because complete diversity of citizenship exists between the parties and the amount in controversy is greater than $75,000.00.

8.    Plaintiff Jackson Parsons served the WWE with his Complaint on May 14, 2021.

9.    Since fewer than thirty (30) days have passed since this date of service, this Notice of Removal is timely filed under 28 U.S.C. 1446(b).

10.    In accordance with 28 U.S.C. § 1446(d), Defendant served Plaintiff with a Notice of Filing of Notice of Removal, filed contemporaneously in the Circuit Court for Hillsborough County, Case No. 21-CA-003770. A copy of this Notice of Filing is attached hereto as **Exhibit B**.

## COMPLETE DIVERSITY
## OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

11.    In order to determine diversity jurisdiction, this Court must examine the "totality of the evidence." *Jones v. Law Firm of Hill and Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

12.    Plaintiff is a resident of Hillsborough County, Florida. [Comp. ¶ 3].

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

13.    "There is a presumption that the state in which a person resides is also that person's domicile for purposes of diversity jurisdiction." *Jones*, 141 F. Supp. 2d at 1355 (M.D. Fla. 2001). Furthermore, a party's domicile determines his citizenship for the purpose of establishing diversity jurisdiction. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Since Plaintiff is a resident of Hillsborough County, Florida, there is a presumption that he is also a citizen of Florida.[1]

14.    In his Complaint, Plaintiff alleges that the WWE "was a corporation conducting business in Hillsborough County, FL." [Comp. ¶ 4].

15.    The WWE is a Delaware corporation headquartered in Stamford, Connecticut and authorized to conduct business in Florida. A copy of the WWE's current registration page with the Florida Secretary of State is attached hereto as **Exhibit C**.

16.    For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been

---

[1] While Defendant WWE challenged that Mr. Parsons was a resident of Hillsborough County, Florida in answering the Complaint, this has no bearing on the domicile analysis conducted by this Court in determining whether complete diversity of citizenship exists, as the sole basis for the challenge turned on Mr. Parsons' medical records reflecting a permanent address in a different Florida County. Regardless of this distinction, Mr. Parsons would still be considered a Florida citizen.

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332 (c)(1).

17.     For the purpose of 28 U.S.C. § 1332 (c)(1), "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities. In practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-92 (2010).

18.     The corporate officers for the WWE direct, control, and coordinate the corporation's activities from Defendant's headquarters, located at 1241 E. Main Street, in Stamford, Connecticut.

19.     Consequently, for purposes of diversity jurisdiction, the WWE is a citizen of Delaware and Connecticut.

20.     For the foregoing reasons, Plaintiff is a citizen of Florida, and the Defendant in this action—World Wrestling Entertainment, Inc.—is a citizen of Delaware and Connecticut. Thus, complete diversity of citizenship exists between the parties.

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

21.    In his Complaint, Plaintiff claims that his damages exceed $30,000.00 [Comp. ¶ 1].

22.    Under Fla. Stat. §§ 34.01(1)(c) and 26.012(2)(a), Florida Circuit Courts have original jurisdiction of civil actions not cognizable in the Florida County Courts, to wit, actions in which claimed damages exceed $30,000.00. Thus, Plaintiff's single assertion identifying his damages as exceeding $30,000.00 in value is purely jurisdictional in nature.

23.    While Plaintiff does not plead the amount of damages that he is seeking with specificity, he claims that he "suffered physical injuries, pain-and-suffering, disability and the inability and loss of the capacity to lead and enjoy a normal life, inconvenience, disfigurement, scarring and mental anguish," and further asserts that his injuries and suffering are permanent, that he has incurred past medical expenses and will incur future medical expenses on account of the motor vehicle accident, and that he has also suffered "a loss of earnings and earning capacity, both in the past and in the future." Finally, Mr. Parsons asserts a property damage claim for the bicycle that he was riding on the date of the motor vehicle accident at issue [Comp. ¶¶ 7-11].

24.    When damages are not specified in the original state court Complaint, a defendant seeking removal must prove, by a preponderance of

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD -  SUITE 400 -  TAMPA, FLORIDA 33607 -  (813) 289-9300 -  (813) 286-2900 FAX

the evidence, that "the amount of controversy more likely than not exceeds . . . the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)(citations omitted).

25.    However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

26.    In determining the amount in controversy, this Court should first look to the Complaint. If the amount of damages cannot be ascertained from the face of the Complaint, this Court may consider the Notice of Removal, along with all other "evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).

27.    In determining whether diversity jurisdiction exists, this Court may consider pre-suit settlement offers and demands in evaluating whether a case has been properly removed. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007); *accord Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (concluding that settlement letter which was "not plainly a sham" could be considered in determining that the amount in controversy requirement was met.).

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD -  SUITE 400  -  TAMPA, FLORIDA 33607  -  (813) 289-9300  -  (813) 286-2900 FAX

28.     "A settlement offer, by itself, may not be determinative, [but] it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).

29.     In addition to considering settlement offers, this Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" based on the allegations of the parties and any other evidence that has been submitted. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

30.     This Court need not "suspend reality or shelve common sense in determining whether the face of the Complaint . . . establishes the jurisdictional amount." As the Eleventh Circuit has explained, "viewing the facts through the lens of common sense is not star gazing." *Id.* at 770.

31.     Furthermore, Plaintiff cannot attempt to defeat federal jurisdiction by drafting his pleadings in so vague a manner that his Complaint fails to give any indication of the value of her claims. Otherwise, plaintiffs skilled in this form of artful pleading could, with this trick, simply make federal jurisdiction disappear. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d at 1064 (11th Cir. 2010).

32.     As the Eleventh Circuit has instructed, "[w]hen a district court can determine, relying on its judicial experience and common sense, that a claim

satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claims is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled." *Id.*

33.     On December 15, 2020, Plaintiff made a pre-suit written settlement demand of **$1, 064,328.38** to the WWE and its insurer for the negligence claim that is the subject of this lawsuit. A copy of this demand letter is attached hereto as **Exhibit D**.

34.     In this pre-suit demand letter, Mr. Parsons' counsel alleged that due to the negligence of the WWE and its employee, Gaitan Thomas,[2] Mr. Parsons had lost the quality of life that he had moved to Florida to seek. *See* Exhibit D, p. 3.

35.     In this pre-suit demand letter, Mr. Parsons' counsel identified the following claimed damages:

- Past medical expenses: **$171,430.38**
  [Exhibit D, p. 2]

- Loss of earnings, past and future: **$75,036.00–$100,048.00**
  [Exhibit D, p. 2, based on evaluation performed by vocational expert John Roberts of Roberts Disability Consultants]

- Projected future medical expenses: **$314,850.00**
  [Exhibit D, pp. 2-3]

---

[2] Mr. Thomas was driving the van rented by the WWE at the time of the motor vehicle accident involving Mr. Parsons on July 22, 2019.

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD -  SUITE 400 -  TAMPA, FLORIDA 33607 -  (813) 289-9300  -  (813) 286-2900 FAX

36.    Within this pre-suit demand letter, Mr. Parsons' counsel even estimated the value of Mr. Parsons' intangible damages:

- Pain and suffering, mental anguish, inconvenience: **$76,500.00** [Exhibit D, p. 2]

- Future pain and suffering: **$401,500.00** [Exhibit D, p. 2]

37.    Even viewed in isolation, the estimated amount for each different category of Mr. Parsons' claimed damages exceeds the jurisdictional threshold of $75,000.00.

38.    Within this demand letter, Mr. Parsons' counsel identified no fewer than four experts who had been retained for consultation, and would undoubtedly be called to testify at trial. [Exhibit D, p. 2].

39.    Within this demand letter, Mr. Parsons' counsel disclosed that Mr. Parsons had been diagnosed with nerve palsy of the left foot [Exhibit D, p. 3].

40.    Copies of Mr. Parsons' medical bills from St. Joseph's Hospital (not including separate radiology and physician charges), Tampa Bay Ortho & Spine Group, and Neurology and Physical Therapy Centers of Tampa Bay are attached hereto as **Exhibit E**.

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

41.    These three medical bills, which only represent a portion of Mr. Parsons' claimed damages for past medical expenses, total $102,726.30, which exceeds the jurisdictional threshold amount of $75,000.00. *See* Exhibit E.

42.    On May 5, 2021, Plaintiff filed his Complaint, seeking lost wages, damages for loss of earning capacity, past and future damages for pain and suffering, disability, disfigurement, mental anguish, and loss of capacity for the enjoyment of life *in addition* to the medical expenses that he had already incurred and the future medical expenses that he expected to incur.

43.    Based on all of these factors—the allegations made in the Complaint, combined with the pre-suit demand letter that estimated Plaintiff's negligence claim to be worth $1,064,328.38, and Mr. Parsons' medical bills from the three providers identified above—the amount in controversy between the parties in this case more likely than not exceeds $75,000.00.

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD -  SUITE 400  -  TAMPA, FLORIDA 33607  -  (813) 289-9300  -  (813) 286-2900 FAX

## CONCLUSION

Removal is proper, because the above-styled action falls within this Court's diversity jurisdiction under 28 U.S.C. §1332(a)(1). Defendant has met its burden in establishing, by a preponderance of the evidence, that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000.00. Moreover, venue is proper in the United State District Court for the Middle District of Florida, because Plaintiff filed his original Complaint in the Florida Circuit Court in and for  Hillsborough County, Florida. Finally, Defendant has timely filed this Notice and has otherwise met all procedural requirements for removal. For all of the foregoing reasons, the WWE respectfully requests that this Court accept jurisdiction over the above-styled action under 28 U.S.C. § 1332, and conduct all further proceedings in this case.

Dated this 12th Day of June, 2021.

Respectfully submitted,

s/ Elisabeth A Fontugne
DANIEL A. SHAPIRO
Florida Bar No.:  965960
ELISABETH A FONTUGNE
Florida Bar No.:  115954

12
**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 12th day of June, 2021, I filed a true and correct copy of the foregoing document with the Clerk of Court for the Middle District of Florida, Tampa Division. I also certify that a true and accurate copy of the foregoing document has been furnished via e-mail to Counsel of record for Plaintiff:  Mr. Kenneth W. Mastrilli, Esq., Counsel for Plaintiff, c/o The Pawlowski/Mastrilli Law Group, 1718 East 7th Avenue, Suite 201, Tampa, FL 33605, (813) 242-4404, Litigation@megajustice.com

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendant World Wrestling*
> *Entertainment, Inc.*
> 4301 West Boy Scout Boulevard
> Suite 400
> Tampa, Florida 33607
> Telephone (813) 864-9393
> Facsimile (813) 286-2900
> Primary e-mail:
> elisabeth.fontugne@csklegal.com
> Secondary e-mail:
> joanne.delvalle@csklegal.com

> By:  *s/ Elisabeth A. Fontugne*
> DANIEL A. SHAPIRO
> Florida Bar No.: 965960
> ELISABETH A FONTUGNE
> Florida Bar No.:  115954

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX