UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACKSON PARSONS,

    Plaintiff,               Case No.: 8:21-CV-01428-CEH-AEP

vs.

WORLD WRESTLING
ENTERTAINMENT, INC.,

    Defendant.
_____/

## AGREED AMENDED JOINT FINAL PRETRIAL STATEMENT

Pursuant to the Case Management and Scheduling Order and Local Rule 3.06 (c), parties hereby serve their Amended Joint Final Pretrial Statement and allege the following:

1. Jurisdiction is based upon diversity between the World Wrestling Entertainment, Inc., a Connecticut corporation and plaintiff, a Florida resident. This case was removed to federal court at the Defendant's request.

2. Defendant admits that the driver was operating the rental vehicle while in the course and scope of his employment with World Wrestling Entertainment, Inc. Defendant's employee was exiting a private property onto a public sidewalk when the front of his rental vehicle struck the plaintiff on his ankle while Mr. Parsons was pedaling in front of him on the designated sidewalk. The defendant's employee had a stop sign facing him on the private property from which he was exiting, and their employee failed to yield the right of way to the plaintiff, Mr. Parsons, on the sidewalk.

3. Plaintiff contends that the defendant's employee negligently failed to yield the right of way to the plaintiff, violating several state statutes which require him to yield and make sure he could safely leave this private property without striking other vehicles, bicyclists,

or pedestrians in doing so. The defendant has denied that its employee acted unreasonably under the circumstances and claims his view of the plaintiff was obstructed by a designated handicapped railing to his right, and further, that the plaintiff rode his bicycle into the side of his rented van. Defendant concedes the plaintiff has sustained some permanent injury to his ankle as a result of the collision. Defendant, World Wrestling Entertainment, Inc., also asserts that the plaintiff was comparatively negligent in causing his injuries.

Defendant will argue that: WWE's driver was not negligent. The driver's view was impeded by the accessible exit ramp under construction at the time of the accident. Mr. Parsons was operating his bicycle against the flow of traffic and left an area of safety and caused the accident. WWE is not contesting Mr. Parsons ankle injury and emergent treatment from this accident. As to the remainder of Mr. Parsons allegations, WWE intends on refuting same.

4. Defendant has no objection to the 19 exhibits listed on plaintiff's exhibit list attached hereto. It is agreed upon to admit without custodians' records and bills from the below providers:

   1. Accident Scene Photos
   2. Injury Photos
   3. Boat Photos
   4. Transcare Medical Transport
   5. St. Joseph's Records
   6. Gandy Crossing Records.
   7. FL Wellness Records

      8. Florida Orthopedic Records

      9. Park Place MRI Records

      10. Optimal Performance Records

      11. Comprehensive Spine Records

      12. Tampa Bay Orthopedic Records

      13. Neurology and Physical Therapy Records

      14. Innovative Spine Records

      15. CORA Rehab Records

      16. Brenda Mulder Records

      17. CarePlus Health Lien/Records

      18. W-2's and Paystubs

      19. Walker and Boot

5. Witnesses who may be called:

- Jackson Parsons
- Thomas Gaitan
- James Bard, PT, DPT
- John Price
- Ben Goslin
- Johnny Lane.

6. Expert Witnesses who will likely be called:

- Dr. Shelley Tindell-Nodine

    *Expert witnesses in the area of psychology will testify regarding the care and treatment of plaintiff, the causation of Plaintiff's injuries, damages, need for future medical care and the reasonableness the necessity of the medical care provided to the Plaintiff to date, Plaintiff's pain and suffering, loss of capacity to enjoy life, and physical limitations.*

- Dr. Rosanna Garner

    *Expert witnesses in the area of neurology will testify regarding the care and treatment of plaintiff, the causation of Plaintiff's injuries, damages, need for future medical care and the reasonableness the necessity of the medical care provided to the Plaintiff to date, Plaintiff's pain and suffering, loss of capacity to enjoy life, and physical limitations.*

- John Roberts, M.H.S

    *Expert witness in the area of vocational rehabilitation.*

- Michael Massey M. D.

    *Expert witnesses in the area of orthopedic will testify regarding the care and treatment of plaintiff, the causation of Plaintiff's injuries, damages, need for future medical care and the reasonableness the necessity of the medical care provided to the Plaintiff to date, Plaintiff's pain and suffering, loss of capacity to enjoy life, and physical limitations.*

- Charles Davis M. D.

    *Expert witnesses in the area of orthopedic will testify regarding the care and treatment of plaintiff, the causation of Plaintiff's injuries, damages, need for future medical care and the reasonableness the necessity of the medical care provided to the Plaintiff to date, Plaintiff's pain and suffering, loss of capacity to enjoy life, and physical limitations.*

- Charles Finson, DC

*Expert witness in the area of chiropractic treatment will testify regarding the care and treatment of plaintiff, the causation of Plaintiff's injuries, damages, need for future medical care and the reasonableness the necessity of the medical care provided to the Plaintiff to date, Plaintiff's pain and suffering, loss of capacity to enjoy life, and physical limitations.*

- Kristi Kirby, M.B.A.

*Expert witnesses in the area of loss of future earnings capacity reduced to present value.*

- Stephen Watson, M.D. Ph.D.

*Expert witness in the area of orthopedic will testify regarding the care and treatment of plaintiff, the causation of Plaintiff's injuries, damages, need for future medical care and the reasonableness the necessity of the medical care provided to the Plaintiff to date, Plaintiff's pain and suffering, loss of capacity to enjoy life, and physical limitations.*

**Defendant's Expert**

**Dr. Steven Knezevich, MD**
**3820 Northdale Blvd., Suite 105-A**
**Tampa, FL 33624**

Dr. Steven Knezevich is board certified in orthopedic surgery and has been practicing for more than thirty years. Dr. Knezevich is expected to provide testimony regarding Plaintiff Jackson Parsons' claimed injuries, medical care, and damages, addressing issues of medical causation, permanency, relatedness of medical care, need for future medical care, and ongoing limitations relative to Plaintiff Jackson Parsons' alleged injuries in connection with the alleged accident. Dr. Knezevich has reviewed Plaintiff's medical records and films, conducted a compulsory examination of Plaintiff on January 27, 2022, finalized his opinions, and prepared a written report, which has been provided to Plaintiff separately. Dr. Knezevich's report is based upon his clinical and professional experience as a board certified orthopedic surgeon, applied to Plaintiff's medical records and films, as well as on the findings made during his physical examination of Plaintiff on January 27, 2022.

7. Damages:

    a) Out of pocket expenses for transportation, etc.: $5,000-$10,000

    b) Past & Future medical expense: $500,000- $1,000,000

    c) Past lost wages & Future loss of earning capacity: $70,000-$90,000

    d) Past physical pain and suffering, Mental pain and anguish, Loss of capacity to enjoy life: $350,000

    e) Future pain and suffering, mental pain and anguish, loss of capacity to enjoy life: $900,000- $1,500,000.

8. Unknown at this time. Possibly Dr. Charles Davis and Dr. Michael Massey.

9. Date, time, and place of the collision are not in dispute. All medical bills related to plaintiff's left ankle surgery are undisputed as being reasonable and necessary. Defendant concedes Mr. Parsons has met the threshold under Florida law concerning his having sustained a permanent injury and scarring to his left ankle. Defendant admits that its employee was operating the van it rented with the permission and consent of the defendant WWE Inc. and that at the time of the collision was in the course and scope of his employment with the WWE.

10. That the Defendant, WORLD WRESTLING ENTERTAINMENT, INC., is vicariously liable for the negligence of Thomas Gaitan, should the jury find him to be negligent in the operation of the rental van on the date in question. Florida law as it relates to negligence actions including comparative fault.

11. Whether the defendant's employee was negligent in the operation of the Defendant's rented van on July 22, 2019. Whether the plaintiff, Jackson Parsons, was comparatively negligent. The extent of the other damages sustained by Mr. Parsons as a result of the collision and their causal relationship to the collision. The amount of damages claimed. Plaintiff has utilized Medicare as payment for certain past medical expenses and these amounts are not reflected in the alleged past medical expenses.

12. None at this time.

13. None at this time.

14. Defendant's Motion to Strike Plaintiff's Experts.


/s/ Kenneth Mastrilli
KENNETH MASTRILLI, ESQ.
THE PAWLOWSKI//MASTRILLI LAW GROUP
1401 E. 22nd Avenue
Tampa, Florida 33605
(813) 242-4404
Florida Bar #: 0360971
Ken@megajustice.com

/s/ Dorice Voecks
DORICE VOECKS, ESQ.
COLE, SCOTT & KISSANE, P.A.
4301 W Boy Scout Blvd., Suite 400
Tampa, FL 33607
(813) 864-9393
Florida Bar #: 117991
dorice.voecks@csklegal.com

# EXHIBIT LIST

\_\_\_ Government   ✓ Plaintiff   \_\_\_ Defendant   \_\_\_ Court

Case No. 8:21-cv-1428

Style: Parsons v. World Wrestling Entertainment, Inc.

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witnesses | Objections / Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 1 | | | | A | Accident Scene Photos |
| 2 | | | | A | Injury Photos |
| 3 | | | | A | Boat Photos |
| 4 | | | | A | Transcare Medical Records |
| 5 | | | | A | ST. Joseph's Records |
| 6 | | | | A | Gandy crossing Records |
| 7 | | | | A | FL Wellness Records |

[1] Use a code (e.g. "A" or "*") in this column to identify exhibits to be received in evidence by agreement without objections. Otherwise, specifically state each objection to each opposed exhibit. Please note that each date box on the left must be one inch wide to accommodate the Clerk's stamp.

Case 8:21-cv-01428-CEH-AEP   Document 11   Filed 08/20/21   Page 16 of 18 PageID 108

# EXHIBIT LIST

___ Government   ✓ Plaintiff   ___ Defendant   ___ Court

Case No. 8:21-cv-1428

Style: Parsons v. World Wrestling Entertainment, Inc.

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witnesses | Objections / Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 8 | | | | A | Florida Orthopedic Records |
| 9 | | | | A | Park Place MRI Records |
| 10 | | | | A | Optimal Performance Records |
| 11 | | | | A | Comprehensive Spine Records |
| 12 | | | | A | Tampa Bay Orthopedic Records |
| 13 | | | | A | Neurology + Physical Therapy Records |
| 14 | | | | A | Innovative Spine Records |

---

[1] Use a code (e.g. "A" or "*") in this column to identify exhibits to be received in evidence by agreement without objections. Otherwise, specifically state each objection to each opposed exhibit. Please note that each date box on the left must be one inch wide to accommodate the Clerk's stamp.

# EXHIBIT LIST

___ Government   ✓ Plaintiff   ___ Defendant   ___ Court

Case No.  8:21-cv-1428

Style:  Parsons v. World Wrestling Entertainment, Inc.

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witnesses | Objections / Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 15 | | | | A | CORA Rehab Records |
| 16 | | | | A | Brenda Mulder Records |
| 17 | | | | A | Care Plus Health Lien/Records |
| 18 | | | | A | W-2's + Paystubs |
| 19 | | | | A | Walker and Boot |
| | | | | | |
| | | | | | |

[1] Use a code (e.g. "A" or "*") in this column to identify exhibits to be received in evidence by agreement without objections. Otherwise, specifically state each objection to each opposed exhibit. Please note that each date box on the left must be one inch wide to accommodate the Clerk's stamp.