UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JACKSON PARSONS,**

    **Plaintiff,**

v.                                         Case No.: 8:21-cv-01428-CEH-AEP

**WORLD WRESTLING
ENTERTAINMENT INC.,**

    **Defendant.**
_____/

### DEFENDANT'S MOTION FOR SANCTIONS FOR
### FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL
### PROCEDURE 26

    Defendant pursuant to Federal Rule of Civil Procedure 37, hereby moves for sanctions against Plaintiff, Jackson Parsons ("Parsons") for Parson's failure to comply with Fed. R. Civ. P. 26(a)(2). Specifically, Parsons failed to comply with the Court's Case Management and Scheduling Order (Document 11) in that no expert disclosures have been made to date. Parson's failure to comply with the witness disclosures pursuant to the Federal Rules of Civil Procedure warrants sanctions to include: precluding Parsons from presenting any purported expert witness at trial on the subject matters for which it failed to provide knowledgeable and specific responses.

### Introduction

1. Parsons brought suit against Defendant alleging bodily injury damages for a motor vehicle accident that occurred on July 22, 2019.

2. Originally this case was filed in state court but removed to federal court based on diversity jurisdiction of the parties.

3. On August 20, 2021, this Honorable Court entered a Case Management and Scheduling Order (Document 11) providing deadlines for witness and expert witness disclosures.

4. Further, Section (I)(D) of the Case Management and Scheduling Order addresses expert disclosures and the requirement of written expert reports exchanged by the Court's deadline and states "Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness."

5. Parson's expert witness disclosures were due on or before March 4, 2022.

6. Both parties had until May 4, 2022 to provide any rebuttal expert witness disclosures.

7. The discovery deadline for this case passed on July 1, 2022.

8. The parties had until September 2, 2022 to file any dispositive, *Daubert*, or *Markman* motions.

9. Parsons has never requested additional time to provide expert witness materials.

10. WWE had filed its first Motion in Limine regarding Plaintiff's failure to comply with the Court's expert disclosure for this matter on November 16, 2022. (Document 28).

11. On that same day, Plaintiff responded to WWE's Motion in Limine stating that they have "materially complied" with Rule 26 (a)(2). (Document 30). However, this is not the case.

12. Plaintiff's counsel also improperly filed with the court a document entitled "Plaintiff's Expert Witness Disclosure" on that same date. (Document 29). This document was struck from the docket. However, Document 29, marks the first time during the pendency of this case, listed purported retained experts, and Plaintiff's treating physicians as experts.

13. This is not an exhaustive list of required Rule 26 disclosures but WWE has never received any Curriculum Vitae for any proposed experts, any exhibits, facts or data considered by the proposed experts in forming their opinion, a list of all other cases in the previous 4 years any expert has testified, a fee schedule. In fact, with the exception of Plaintiff's medical records, WWE has never received any expert statement from Plaintiff in this case.

14. Upon information and belief, Plaintiff's counsel will likely argue that WWE was in possession of Ms. Mulder's and Mr. Roberts' purported "expert reports". These documents were referenced once, pre-suit.

15. Upon information and belief, Plaintiff's counsel will likely argue that WWE was aware of Plaintiff's treating physicians as well as Plaintiff's treating physicians. This is correct. However, Document 29 was the first time WWE was ever given notice that Mr. Parson's treating providers would also be testifying as experts.

16. Plaintiff has not complied with the expert deadline's agreed to in the Court's Case Management and Scheduling Order (Document 11) as it relates to Plaintiff's expert disclosures. WWE has had no opportunity to appropriately conduct its discovery of these purported expert witnesses, nor have a chance to retain experts to rebut Plaintiff's expert's testimony. Thus, Plaintiff should be precluded from presenting any proposed expert witness testimony at trial.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 37(c)(1) requires that:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

3

Federal Rule of Civil Procedure 26(a) and (e) require all parties to disclose all bases of their experts' opinions and to supplement timely their expert disclosures upon discovery of an omission or as required by court order. Rule 37 and 26 work in conjunction with each other. Specifically, the restriction outlined by Rule 37 applies to three different methods of disclosing witnesses and information in Rule 26. Subsection 26 (a) outlines required disclosures, including disclosure of expert testimony. See Fed. R. Civ. P. 26(a)(2). Under Rule 26(a), the identity of any person who may be used to present expert testimony at trial must be disclosed, along with an expert's report, "at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). Similarly, subsection 26(e)(1) describes a party's "duty to supplement at appropriate intervals its disclosures under subdivision [26](a) if the party learns that in some material respect the information disclosed is incomplete or incorrect."

"A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure." Hewitt v. Liberty Mut. Grp., Inc., 268 F.R.D. 681, 682-83 (M.D. Fla. 2010) (citation omitted). The party failing to comply with the Rule 26(a)(2)(C) disclosure requirements bears the burden of establishing that its noncompliance was harmless. Id. at 83 (citations omitted). Rule 37 (c)(1) provides a self-executing sanction for untimely expert reports. Rule 37(c)(1) states that [i]f a party fails to provide the information required by Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

Substantial justification is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Ellison v. Windt*, 2001 WL 118617(M.D.Fla.Jan.24, 2001) (quotation and *683 citation omitted).

4

A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure. *Home Design Servs. Inc. v. Hibiscus Homes of Fla., Inc.,* 2005 WL 2465020 (M.D.Fla. Oct. 6, 2005). "Most commonly, the harm associated with untimely expert witness disclosures is the non-disclosing party's inability to adequately prepare its case by deposing the witness during the discovery period." *Morrison v. Mann,* 244 F.R.D. 668, 673 (N.D. Ga. 2007).

WWE seeks two separate kinds of relief based on the foregoing. First, WWE seeks to completely strike any purported testimony from Barbara Mulder and John Roberts. Ms. Mulder and Mr. Roberts are apparently retained experts to testify regarding Plaintiff's claimed loss of future earning capacity claims. Second, WWE seeks to limit the testimony of Plaintiff's treating physicians who were disclosed as experts for the first time on November 16, 2022. Specifically, WWE seeks to limit the testimony of:

Dr. Rodney Abrahams, DC
Dr. Jed P. Weber, MD
Dr. David Donohue, MD
Dr. Stephen Watson, MD, PhD
Dr. Soheil Sooudi, MD
Dr. Charles Davis, MD
Dr. Rosanna Garner, MD and Dr. Shelley Tindell-Nodine, Psy. D.

These providers were Plaintiff's treating physicians. Plaintiff is attempting to claim these providers now as experts relating to the causation of Plaintiff's injuries, the non-economic damages, future medical care, and reasonableness of Plaintiff's care. Again, nothing has been provided to WWE regarding each of these expert's qualifications, written opinions, or grounds for same.

**ANALYSIS**

There is no dispute that Plaintiff has never provided to WWE any purported expert's qualifications or written reports. There is also no dispute that Plaintiff did appropriately list Plaintiff's treating providers in their original Rule 26 disclosures. There is also no dispute that Plaintiff did list Ms. Mulder and Mr. Roberts in his initial disclosures as witnesses only. It is not disputed that Plaintiff did not timely file their expert witness disclosures and that they were deficient. It is not disputed that for that first time in this litigation, Plaintiff listed his treating physicians as non-retained experts on November 16, 2022[1]. Plaintiff will argue that he had "substantially" complied with Rule 26 in that he had listed Ms. Mulder and Ms. Roberts as witnesses, and listed Plaintiff's treating providers and provided Plaintiff's medical records. However, as to the remainder of the requirements for Rule 26, WWE has never been furnished any further materials from Plaintiff.

This court has dealt with similar instances regarding sanctions for late disclosure of experts. In *Hewitt v. Liberty Mut. Group, Inc.*, this court prevented plaintiff's expert from testifying even though plaintiff had disclosed their expert as a fact witness AND defendants had an opportunity to depose plaintiff's expert prior to an extended expert disclosure deadline. 268 F.R.D. 681, 683 (M.D. Fla. 2010). The plaintiff in Hewitt did file a late expert witness list, as here, but prior to the court's delineated deadline for his deposition. *Id.* Also like the instant case, the plaintiff never provided to the defendant their expert's curriculum vitae, a list of cases in which he has testified, and a statement of compensation. *Id.* The *Hewitt* court struck plaintiff's expert reasoning that merely listing experts as witnesses without strict compliance with Rule 26 disclosures is not substantial justification to preclude the expert's testimony under Rule 37.

---

[1] It is also important that the court understand that the only reason Plaintiff ever filed any expert disclosure was in response to WWE's original Motion in Limine. WWE believes Plaintiff was never going to file an Expert Disclosure in this case.

6

The facts of the instant case are more egregious than the *Hewitt* case. Mr. Parsons apparently had retained Ms. Mulder and Mr. Roberts in time to disclose them as witnesses on his initial disclosures. If that is the case, WWE asks what the justification is to not only not comply with Rule 26 at all but to wait until the case is so close to trial that WWE is prevented from completing any discovery whatsoever of these witnesses, but also prevented from retaining their own experts to rebut the testimony of Plaintiff's experts. At the January 17, 2023 Pre-Trial Conference, the Court confirmed that the only depositions to take place were those to be used at trial, and not discovery depositions. This extremely late disclosure, despite having unfettered access to his retained experts and Plaintiff's treating physicians since the inception of this case, is incredibly prejudicial to WWE's case. Plaintiff was aware that WWE was challenging causation when he submitted to a Compulsory Medical Examination by Dr. Knezevich. Why at that point did Plaintiff not propound Rule 26 disclosures that the treating physicians would be now testifying to causation? The defense of this case centers on the causation of some of Plaintiff's alleged injuries, the denial of Plaintiff's loss of future earning capacity claim, and the extent of his non-economic and future alleged damages. Should Plaintiff be able to present to the jury the testimony of Ms. Mulder and Mr. Roberts, and the causation testimony of his treating physicians, WWE will be unduly prejudiced in effectively defending its case.

## **CONCLUSION**

Plaintiff has not complied with the expert deadline's agreed to in the Court's Case Management and Scheduling Order (Document 11) as it relates to Plaintiff's expert disclosures. WWE has had no opportunity to appropriately conduct its discovery of these purported expert witnesses, nor have a chance to retain experts to rebut Plaintiff's expert's testimony. Thus, Plaintiff should be precluded from presenting any proposed expert witness testimony at trial.

## LOCAL RULE 3.01(g) CERTIFICATE

In good faith, the undersigned certifies that in accordance with Local Rule 3.01(g), she conferred with counsel for Plaintiff via email on November 15, 2022. On that same date, counsel for Plaintiff confirmed via electronic mail that Plaintiff opposes the filing and relief requested in this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of February, 2023, I filed a true and correct copy of the foregoing document with the Clerk of Court for the Middle District of Florida, Tampa Division though the EM/ECF system, which will send a notice via e-mail to: Mr. Kenneth W. Mastrilli, Esq., Counsel of Record for Plaintiff, c/o The Pawlowski/Mastrilli Law Group, 1718 East 7th Avenue, Suite 201, Tampa, FL 33605, (813) 242-4404, Litigation@megajustice.com.

COLE, SCOTT & KISSANE, P.A.
*Counsel for World Wrestling Entertainment, Inc.*
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
Telephone (813) 864-9333
Facsimile (813) 286-2900
Primary e-mail:
daniel.shapiro@csklegal.com
dorice.voecks@csklegal.com
Secondary e-mail: keila.cruzcorrea@csklegal.com
bethany.goodrow@csklegal.com

By:  s/ *Dorice R. Voecks*
  Dorice R. Voecks
  Florida Bar No.: 117991