UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACKSON PARSONS,

    Plaintiff,

v.                                            Case No: 8:21-cv-1428-CEH-AEP

WORLD WRESTLING
ENTERTAINMENT, INC.,

    Defendant.
_____

**ORDER**

This matter comes before the Court upon Defendant World Wrestling Entertainment, Inc.'s Motion for Sanctions for Failure to Comply with Federal Rule of Civil Procedure 26. Doc. 66. Defendant asks the Court to preclude Plaintiff's expert witness, John Roberts, a retained vocational rehabilitation expert, from testifying at trial based on Plaintiff's failure to provide a timely expert disclosure.[1] Doc. 66. Defendant also asks the Court to preclude Plaintiff's treating physicians from presenting expert opinion testimony at trial. *Id*. Plaintiff opposes both requests, arguing that they are untimely and that sufficient expert disclosure was provided. Docs 69, 70.

---

[1] Defendant also moved to exclude the testimony of retained expert Barbara Mulder. At the February 22, 2023 hearing, Plaintiff's counsel indicated that Ms. Mulder has retired and would not be testifying.

Upon careful consideration, the Court will grant the motion as to Plaintiff's retained expert. The motion will be denied without prejudice as to Plaintiff's treating physicians.

I.  BACKGROUND

This negligence suit arises out of a July 2019 accident in which a van driven by Defendant's employee collided with Plaintiff, who was riding a bicycle. Doc. 1. The action was initially filed in state court and removed to federal court by Defendant on the basis of diversity jurisdiction. Doc. 1-1, Doc. 1. A jury trial in this matter is set for the February 2023 trial term, specifically February 27, 2023. *See* Docs. 11, 52.

II.  DISCUSSION

Defendant asks the court to exclude the testimony of John Roberts, Plaintiff's vocational rehabilitation expert, on the ground that Plaintiff failed to provide an expert report. *See* Doc. 66. Second, Defendant asks the Court to prevent Plaintiff's treating physicians from offering opinions on causation or otherwise testifying as experts based on lack of disclosure. *Id.*

Federal Rule of Civil Procedure 26 governs expert witness disclosure and requires a party to provide "a complete statement of all opinions" offered by an expert witness and "the basis and reasons for them" "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(B) & (D). Rule 37 provides that if a party fails to conform to those disclosure requirements, the proffered information must be excluded "unless the failure [to disclose] was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In other words, if an expert opinion is not disclosed in

2

accordance with the scheduling order, it may be excluded under Rule 37. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1252 (11th Cir. 2007).

### A. Plaintiff's Retained Expert

Defendant argues that Roberts should be precluded from offering testimony at trial due to Plaintiff's failure to comply with Rule 26(a)(2)(B), Fed. R. Civ. P., and this Court's Case Management and Scheduling Order ("CMSO"). Doc. 66 at 2–7. More specifically, Defendant asserts that Plaintiff failed to provide Roberts' written expert report or a list of all cases during the past four years in which he has testified, or a fee schedule. *Id.* at 3. Defendant also argued at a February 22, 2023, motion hearing that these discovery violations were prejudicial because Defendant was not able to file a *Daubert* motion, retain a rebuttal expert witness, or otherwise prepare for Roberts' testimony. *See* Doc. 71. Plaintiff responds that his report was provided in "the supplemental response to the defendant's initial request for production and to former defense counsel," in addition to having been "referenced in the mediation." Docs. 69, 70. At the hearing, the Parties clarified that the report of John Roberts was shared prior to the filing of suit for settlement discussions.

The Eleventh Circuit has explained that "the expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Rembrandt Vision Technologies, L.P. v. Johnson & Johnson Vision Care, Inc.,* 282 F.R.D. 655, 662 (M.D.Fla.2012) (quoting *Reese v. Herbert,* 527 F.3d 1253, 1265 (11th Cir.2008)). Specifically, Rule 26(a) of the Federal Rules of Civil Procedure requires

3

the parties to provide initial disclosures, and Rules 26(a)(2)(A)–(B) require parties who retain expert witnesses to disclose these witnesses to opposing counsel and provide detailed reports, pursuant to the case management and scheduling order. Fed. R. Civ. P. 26. Rule 26(a)(2)(B) provides that a written expert report must contain the following:

   (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
   (ii) the facts or data considered by the witness in forming them;
   (iii) any exhibits that will be used to summarize or support them;
   (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
   (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
   (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.*

In this case, the Court docketed a CMSO on August 20, 2021. Doc. 11. It provided deadlines for expert witness disclosures, rebuttal expert witness disclosures, and *Daubert* motions, among other things. *Id.* at 2. The CMSO also stated that failure to comply with Rule 26 may result in "the exclusion of all or part of the testimony of" any expert witnesses. *Id.* at 4–5.

Plaintiff failed to timely provide a written expert report for Roberts in violation of Rule 26(a)(2). As of the February 22, 2023 hearing, defense counsel indicated that she still had not received, the facts or data upon which the witness will rely, the witness's qualifications, a list of all other cases in which the witness has testified in the last 4 years, or a statement of the compensation to be paid to the witness. Accordingly, the Court finds that Plaintiff has failed to comply with both Rule 26(a)(2) and the

Court's CMSO. Furthermore, Plaintiff's failure was not substantially justified, and Defendant was prejudiced by the disclosure violations in that it was unable to hire a rebuttal expert or otherwise prepare a defense to the testimony the retained expert would provide at trial. Plaintiff's argument that sharing a pre-suit expert report was sufficient to comply with Rule 26 is not supported by the law. Therefore, John Roberts will be excluded from testifying as an expert at trial under Rule 37. *See* Fed. R. Civ. P. 37.

### B. Plaintiff's Treating Physicians

Defendant also argues that, based on Plaintiff's failure to provide Rule 26 disclosures as to his treating physicians, they should be excluded from giving expert opinion at trial as to the cause of the injuries, non-economic damages, future medical care, or reasonableness of care. Doc. 66 at 5. Plaintiff's response asserts that his treating physicians must nevertheless be allowed to testify as fact witnesses under Rule 26. Doc. 70 at 3. He also argues that "the majority of the courts" allow treating physicians to testify as to causation, prognosis, and permanence of an injury without a written report so long as those opinions were reached during the course of treatment. *Id*. Plaintiff is correct that a treating physician testifying as a "hybrid witness" need not submit a written expert report. *Rodriguez v. Walmart Stores E., L.P.,* No. 21-14300, 2022 WL 16757097 (11th Cir. Nov. 8, 2022).

Additionally, Defendant is in possession of all medical records from the Plaintiff's treating physicians regarding their care and treatment of Plaintiff.[2] Defendant had these records prior to the close of discovery and decided not to depose the physicians. Thus, the Court will allow Plaintiff's treating physicians to present testimony as to their care and treatment of Plaintiff.

However, the Court emphasizes that "once the treating physician expresses an opinion unrelated to treatment which is 'based on scientific, technical, or other specialized knowledge,' that witness is offering expert testimony for which the court must perform its essential gatekeeping function as required by *Daubert*." *Wilson v. Taser Int'l, Inc.*, 303 F. App'x 708, 712 (11th Cir. 2008). Defendant's motion will thus be denied, without prejudice. Defendant may raise objections at trial as to the treating physicians' testimony as needed. Accordingly, it is hereby

**ORDERED**:

1. Defendant World Wrestling Entertainment, Inc.'s Motion for Sanctions for Failure to Comply with Federal Rule of Civil Procedure 26 (Doc. 66) is **GRANTED-IN-PART and DENIED-IN-PART**. It is granted as it relates to Plaintiff's vocational rehabilitation expert, John Roberts. John Roberts will not be allowed to testify at the trial of this case. Defendant's motion is denied, without prejudice, as it relates to Plaintiff's treating physicians.

---

[2] Defense counsel has recently received additional medical records from Plaintiff, which represent Plaintiff's ongoing care and treatment. *See* Rule 26(e), Fed. R. Civ. P.

**DONE** and **ORDERED** in Tampa, Florida on February 23, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties